THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN SEAFOODS COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>AHOKAYA NAUFAHU,<br><br>Defendant. | CASE NO. C13-1235-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff American Seafoods Company's motion for summary judgment. (Dkt. No. 33.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

Defendant Ahokaya Naufahu worked as a factory foreman for American Seafoods aboard the F/T Northern Hawk and F/T American Dynasty between 1997 and 2010. (Dkt. No. 25 at ¶¶ 21, 22.) On May 10, 2009, Mr. Naufahu visited the emergency room after a coughing fit caused him to lose consciousness and fracture his ankle in a fall. (Dkt. No. 26, Ex. 3 at 1.) Mr. Naufahu told hospital staff he had a persistent cough that had lasted for nearly a month and an occasional shortness of breath. (*Id.*) The ER staff recommended that Mr. Naufahu see a pulmonary specialist for his complaints. (*Id.* at 4.) Mr. Naufahu met with pulmonary specialist Dr. Stephen

Ryan on May 20, 2009, and disclosed his that his respiratory issues began approximately one year prior to the visit, and included blood-streaked sputum. (Dkt. No. 26, Ex. 1 at 1.) He also disclosed that he had smoked approximately one-and-a-half packs of cigarettes per day for the past twenty-five years. (Dkt. No. 26, Ex. 1 at 3.) Dr. Ryan diagnosed Mr. Naufahu with pulmonary fibrosis[1] and emphysema and instructed him to follow up for a monitoring appointment in six months.[2] (*Id*. at 3–4.)

Mr. Naufahu did not return to work for American Seafoods until January, 2010, due to complications with the May 10, 2009, ankle fracture. (Dkt. No. 25 at ¶ 16.) Upon returning to work, Mr. Naufahu was required to fill out a "Health and History Assessment" form as a condition of his employment. (*Id*. at ¶ 4.) Mr. Naufahu disclosed the single coughing episode that sent him to the ER, but checked "no" to the following items: fainting spells, emphysema, cough lasting more than two weeks, bloody sputum, breathing problems, smoking, and shortness of breath. (Dkt. No. 25, Ex. 1 at 2, 5.) Mr. Naufahu also failed to disclose his respiratory symptoms or diagnoses in a required "Heath Information Update Form" filled out on September, 1, 2010. (Dkt. No. 25, Ex. 3.) Mr. Naufahu did not complain of any respiratory issues while working on American Seafoods' vessels in 2010, and did not consider his respiratory issues to limit his ability to work. (Dkt. No. 26, Ex. 4 at 57.) American Seafoods sold the F/T Northern Hawk to Costal Villages in 2010, and Mr. Naufahu chose to follow the vessel and end his employment with American Seafoods. (Dkt. No. 25 at ¶ 22.)

American Seafoods filed this action seeking a declaratory judgment that it has no duty to provide maintenance and cure to Mr. Naufahu for his pulmonary conditions. (Dkt. No. 1.) American Seafoods now moves for summary judgment on the grounds that Mr. Naufahu is not entitled to maintenance and cure, and that even if he is so entitled, his failure to seek medical

---

[1] Pulmonary fibrosis is an untreatable, progressive condition. (Dkt. No. 26, Ex. 6 at ¶ 12.)

[2] Mr. Naufahu did not seek further treatment for his respiratory conditions until after leaving employment with American Seafoods. (Dkt. No. 26, Ex. 4 at 58–59.)

treatment and willful concealment of his pulmonary conditions forfeits that right. (Dkt. No. 33.)

## II. DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In making such a determination, the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–50 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### A. Entitlement to Maintenance and Cure

American Seafoods first moves for summary judgment on the ground that Mr. Naufahu is not entitled to maintenance and cure for his pulmonary conditions. A shipowner's obligation to provide maintenance and cure has its roots in ancient maritime law. *Vaughan v. Atkinson*, 369 U.S. 527, 532 n.4 (1962). When a seaman is injured in service of his vessel, the ship owner has an obligation both to bring the seaman to a port for treatment and to pay maintenance (compensation for room and board equivalent to what the seaman would have received aboard the vessel) and cure (payments for medical treatment necessary to restore the seaman to health). *Id.*; *see* MARTIN J. NORRIS, THE LAW OF SEAMEN §§ 26:5-26:6 (3d ed. 1985) (defining maintenance and cure). A seaman's entitlement to maintenance and cure continues until he

reaches "maximum cure"—*i.e.*, a recovery as complete as the injury allows. *Permanente S.S. Corp. v. Martinez*, 369 F.2d 297, 298–99 (9th Cir. 1966). When considering a seaman's entitlement to maintenance and cure, the court resolves doubts in favor of the seaman. *Vaughan*, 369 U.S. at 532.

For Mr. Naufahu to be entitled for maintenance and cure, he must have been "in service of the ship" at the time the illness or injury "occurred, was aggravated, or manifested." *In re Marine Asbestos Cases*, 265 F.3d 861, 868 (9th Cir. 2001) (quoting *Stevens v. McGinnis, Inc.*, 82 F.3d 1353, 1357–58 (6th Cir. 1996)). "In the service of the ship" means that the sailor was "answerable to [the ship's] call to duty" when he or she fell ill or was injured. *Farrell v. United States*, 336 U.S. 511, 516 (1949). American Seafoods argues that Mr. Naufahu was not "in service" of the ship at the time of the onset of his respiratory conditions because he was first diagnosed while on vacation, and that even if Mr. Naufahu was in service of the ship at the time, he has reached maximum medical improvement for his conditions. (Dkt. No. 33 at 20.)

The Court agrees with Mr. Naufahu that summary judgment on this ground is inappropriate. First, there is a genuine issue of material fact as to when Mr. Naufahu's pulmonary condition "occurred, was aggravated, or manifested." Although Mr. Naufahu was not diagnosed until May 20, 2009, while he was on vacation, both Dr. Ryan and Mr. Naufahu testified that the pulmonary condition was in existence prior to that date. (Dkt. No. 34, Ex. 1 at 20; Dkt. No. 26, Ex. 4 at 8.) Second, there is a genuine issue of material fact as to whether Mr. Naufahu has reached maximum medical improvement for his pulmonary condition. Sufficient facts exist at this stage that the Court could reasonably find that Mr. Naufahu has reached maximum medical improvement for his pulmonary symptoms because his condition is an incurable, progressive disease. (Dkt. No. 26, Ex. 6 at 9, ¶ 12.) Conversely, one could reasonably conclude that a lung transplant is necessary to bring Mr. Naufahu to maximum medical improvement for his pulmonary conditions. (Dkt. No. 31, Ex. 1 at 50.) Accordingly, summary judgment is not warranted on this ground.

## B. Willful Concealment

American Seafood also argues that it is entitled to summary judgment because Mr. Naufahu willfully concealed his pulmonary conditions after becoming aware of them when he returned to work in 2011.[3] (Dkt. No. 33 at 13–16.) As previously explained, a seaman is not entitled to maintenance and cure if: (1) he intentionally withholds from his employer information about a preexisting medical condition; (2) there is a causal relationship between the undisclosed condition and the impairment for which he seeks compensation; and (3) the undisclosed condition was material to the employer's decision to hire him. *Vitcovich v. Ocean Rover O.N.*, 106 F.3d 411 (9th Cir. 1997) (unpublished); *Quiming v. Int'l. Pac. Enter., Ltd.,* 773 F.Supp. 230, 236 (D. Haw. 1990); *see*, *e.g.*, *Tawada v. United States,* 162 F.2d 615, 617 (9th Cir. 1947) (barring maintenance and cure for seaman who claimed to be fit when hired but concealed that he had tuberculosis); *Figuerias v. F/V Pacific Fury*, No. C95-0468, 1996 WL 875553, at *3 (W.D. Wash. Feb. 5, 1996) (barring maintenance and cure for seaman who failed to disclose pre-existing injuries on pre-hiring questionnaire).

American Seafoods is entitled to summary judgment on this ground. First, although Mr. Naufahu attempts to argue that he could not "conceal something he didn't have yet," he later concedes the first element in his reply by admitting that he concealed his lung problems once he became aware of them and returned to work for American Seafoods. (Dkt. No. 34 at 3.) Even if Mr. Naufahu had not conceded this point, the record is clear that he failed to disclose any of the respiratory symptoms or diagnoses once they became known to him 2009 on either of the pre-

---

[3] American Seafoods also argues that it is entitled to summary judgment because Mr. Naufahu's failure to seek medical attention waived his right for maintenance and cure for his pulmonary conditions. American Seafoods is not entitled to summary judgment this ground because the cases it cites are factually distinguishable. In *Pyles v. Am. Trading & Prod. Corp*, the Fifth Circuit denied maintenance and cure to a seaman for the period during which he had been declared fit for duty and was working on a vessel. 372 F.2d 611, 619 (5th Cir. 1967) Here, Mr. Naufahu is seeking maintenance and cure for the times during which he has been unemployed. (Dkt. No. 18 at 4.) The other cases cited are similarly unavailing because they involve questions of causation not present in this case. *See Repsholdt v. United States*, 205 F.2d 852, 856 (7th Cir. 1953); *Bowers v. Seas Shipping Co.*, 185 F.2d 352, 354 (4th Cir. 1950). However, because the Court is granting American Seafoods' motion on willful concealment grounds, the Court declines to analyze this argument in depth.

ORDER
PAGE - 5

employment questionnaire or health update forms he filled out for American Seafoods in 2010. (Dkt. No. 25, Ex. 1 at 2, 5; Ex. 3.) Second, neither party disputes that the pulmonary conditions for which Mr. Naufahu is now seeking treatment are the same conditions he concealed from American Seafoods. (*Compare* Dkt. No. 26, Ex. 1 *with* Dkt. No. 18, Ex. 2.) Finally, Mr. Naufahu does not appear to contest the third element, materiality. Even so, the record is clear that Mr. Naufahu's concealment was material for several reasons. The medical questionnaire was six pages long and asked a series of questions about specific medical conditions and symptoms including fainting spells, emphysema, cough lasting longer than two weeks, and shortness of breath. (Dkt. No. 25, Ex. 1 at 5.) The form also had a catch-all question: "have you had any illness(es) or injuries other than those already listed[,]" which was designed to elicit information about any condition not specifically listed on the form. (*Id*. at 6.) A pre-employment questionnaire that asks specific medical questions is necessarily material. *See Quiming v. In'l Pac. Enterprises Ltd.*, 773 F. Supp. 230, 236 (D. Haw. 1990); *Coastal Villages Pollock, LLC v. Naufahu*, No. C13-1234-JCC, 2014 WL 1053126 (W.D. Wash. Mar. 19, 2014). Accordingly, the Court grants American Seafoods' motion for summary judgment on the ground that Mr. Naufahu willfully concealed his pulmonary conditions.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 33) is GRANTED.

//
//
//
//
//
//
//

DATED this 22nd day of April.

John C. Coughenour
UNITED STATES DISTRICT JUDGE